**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **MICHAEL MORAVITZ,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No.: 1:15-cv-506** |
| v. | ) | |
| | ) | |
| **OFFICER RICHARD ANDERSON,** | ) | **Plaintiff Demands Trial By Jury** |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Michael Moravitz, by counsel, and for his First Amended Complaint pursuant to Fed. R. Civ. Pro 15(a)(1)(B)[1] against DefendantOfficer Richard Andersonfor damages in the sum of ONE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($125,000.00), of which TWENTY-FIVETHOUSAND DOLLARS ($25,000.00) represents compensatory damages and ONE HUNDRED THOUSAND DOLLARS ($100,000.00) represents punitive damages, together with the costs, interests and expenses of this action, and Plaintiff's reasonable attorneys' fees, alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff Michael Moravitz brings this action pursuant to 42 U.S.C. § 1983 and alleges a violation of the Fourth Amendment to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States and pursuant to 28 U.S.C. § 1343(a)(3) because it seeks to redress

---

[1] Plaintiff originally filed a Warrant in Debt against Defendant on March 23, 2015 in the General District Court for the County of Fairfax. On April 17, 2015, Defendant filed his Notice of Removal of the pending Warrant to Debt to this Honorable Court. On April 20, 2015, Defendant filed his Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6).

the deprivation, under color of State law, of rights, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events, acts and/or omissions giving rise to Plaintiff's claim occurred in this judicial district.

## PARTIES

3. Plaintiff Michael Moravitz (hereinafter "Plaintiff") is a citizen and resident of Virginia.

4. Defendant Officer Richard Anderson(hereinafter "Defendant") is a citizen and resident of Virginia.

## COUNT I: UNREASONABLE SEIZURE OF PLAINTIFF'S PERSON IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

5. Paragraphs 1-4, as set forth above, are re-alleged and incorporated herein by reference.

6. Count I is brought against Defendant in hisindividual capacity while serving as a member of the Police Department for the County of Fairfax, Virginia.

7. At all times herein, Defendant was employed as a member of the Police Department for the County of Fairfaxand was acting under the color of state law due to the fact that he was wearing his police department uniform and displaying his badge of authority.

8. On or about October 1, 2013, Plaintiff parked his vehicle outside of his residence in Fairfax County.

9. After exiting his vehicle, Plaintiff began walking through his front yard towards the entrance to his home.

10. As Plaintiff was walking towards the entrance to his home, Plaintiff was approached by two uniformed police officers, of whom Defendant was one.

11. Plaintiff immediately believed both individuals to be police officers due to their dress in official police uniform.

12. Upon the police officers' approach of Plaintiff, Plaintiff was engaged in no criminal activity of any kind.

13. Nevertheless, Defendant ordered Plaintiff to stop walking towards his home and demanded that Plaintiff answer certain questions posed to him by Defendant and his fellow police officer.

14. Plaintiff did in fact stop walking towards his home and submitted himself to the questioning of Defendant and his fellow police officer, thus submitting to Defendant's show of official police authority.

15. Defendant questioned Plaintiff on Plaintiff's front yard.

16. After one or two minutes had elapsed, Plaintiff no longer wished to speak with Defendant and his fellow police officer and, as a result, Plaintiff terminated the conversation and began to again walk towards the entrance to his home.

17. As Plaintiff began to walk away from Defendant and his fellow police officer, Defendant placed his hands on Plaintiff, put Plaintiff in handcuffs, and told Plaintiff that he was being held in investigative detention.

18. Plaintiff was subsequently placed under arrest for three counts of petit larceny in violation of Va. Code Ann. § 18.2-96.

19. Defendant seized Plaintiff's person for purposes of Fourth Amendment analysis when hecurtailed Plaintiff's freedom of movement by detaining Plaintiff outside of Plaintiff's residence.

20. Plaintiff submitted to Defendant's show of official police authority when Defendant placed his hands on Plaintiff's person.

21. Plaintiff submitted to Defendant's show of official police authority when Plaintiff acquiesced to Defendant's demands.

22. Defendant seized Plaintiff's person for purposes of Fourth Amendment analysis when he curtailed Plaintiff's freedom of movement.

23. Defendant seized Plaintiff's person for purposes of Fourth Amendment analysis when he placed his hands on Plaintiff's person.

24. Defendant seized Plaintiff's person without any reasonable suspicion of criminal wrongdoing in violation of the Fourth Amendment's prohibition against unreasonable government seizures of United States citizens.

25. Defendant placed Plaintiff under formal arrest without probable cause.

26. Defendant, while in some sort of official police uniform and/or dress, unlawfully assaulted and battered Plaintiff.

27. Defendant is subject to liability on account of the language in the following Federal statute, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to

the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

28. The Fourth Amendment to the United States Constitution provides in relevant part that "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

29. The Fourth Amendment was made applicable to the States by the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643 (1961).

30. The rights of citizens under the Fourth Amendment are clearly established.

31. Plaintiff was "seized" for purposes of Fourth Amendment analysis when hisfreedom of movement was curtailed by Defendant's show of official police authority.

32. Plaintiff was "seized" for purposes of Fourth Amendment analysis when Defendant placed his hands on Plaintiff's person.

33. Defendant seized Plaintiff's person without reasonable suspicion of any criminal wrongdoing whatsoever.

34. BecauseDefendant's seizure of Plaintiff's person was without legal justification it was therefore unreasonable.

35. Defendant deprived Plaintiff of his Fourth Amendment rights when he unreasonably seized Plaintiff's person.

36. Because Defendant had no reasonable suspicion to detain Plaintiff for investigatory purposes, Defendant's seizure of Plaintiff's person was not reasonable, and thus a violation of Plaintiff's rightsunder the Fourth Amendment to the Constitution of the United States.

37. Because Defendant had no probable cause to place Plaintiff under formal arrest, Defendant's seizure of Plaintiff's person was not reasonable, and thus a violation of Plaintiff's rights under the Fourth Amendment to the Constitution of the United States.

38. Defendant is subject to civil liability pursuant to 42 U.S.C. § 1983 because Defendantviolated Plaintiff's Fourth Amendment rights.

39. Plaintiff sustained the following damages as the proximate result of Defendant's unlawful conduct: pain, suffering, inconvenience and mental anguish.

40. Defendant, as a government official, isnot protected by the doctrine of qualified immunity from liability for civil damages because the conduct of Defendant violated clearly established statutory or constitutional rights of which a reasonable officer would have known.

41. Punitive damages are demanded becauseDefendant was recklessly and/or callously indifferent to the federally protected rights of Plaintiff – namely Plaintiff's Fourth Amendment right to be free from unreasonable seizures of hisperson and his right to be free from arrests made without probable cause.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff Michal Morovitz, by counsel, demands for:

A. Judgment against Defendant Officer Richard Anderson for damages in the sum of ONE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($125,000.00), of which TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) represents compensatory damages and ONE HUNDRED THOUSAND DOLLARS ($100,000.00) represents punitive damages;

B. An order awarding Plaintiff's costs, expenses, and Plaintiff's reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

C. Trial by jury.

**MICHAEL MORAVITZ**

By: _____/s/_____
           *Of Counsel*

S. W. Dawson, Esq. (VSB #83166)
DAWSON, P.L.C.
P. O. Box 58
Norfolk, Virginia 23501
757.282.6601 (Telephone)
757.282.6617 (Fax)
swd@dawsonplc.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 25th day of April, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

Jamie M. Greenzweig, Esq. (VSB #75066)
Office of the County Attorney
12000 Government Center Parkway, Suite 549
Fairfax, VA 22035-0064
(703) 324-2421
Fax No. (703) 324-2665
Jamie.Greenzweig@fairfaxcounty.gov
*Counsel for Officer Richard Anderson*

_____/s/_____
S. W. Dawson, Esq. (VSB #83166)
DAWSON, P.L.C.
P. O. Box 58
Norfolk, Virginia 23501
757.282.6601 (Telephone)
757.282.6617 (Fax)
swd@dawsonplc.com
*Counsel for Plaintiff*